[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by Superior Court, Judicial District of Fairfield (at Bridgeport) Docket No. 32843.
SENTENCE AFFIRMED
Erskine McIntosh, Esq., Assistant Public Defender, for the Petitioner.
Richard Jacobson, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION: Although there is no record of the petitioner filing his application for sentence review within thirty (30) days of his sentencing (Conn. Gen. Stat. Sec.51-195), the Review Division under the circumstances of this particular case will waive the time requirement. It is noted that the State did not object to the petitioner's request to waive timely filing.
The petitioner was convicted after a trial by jury of the crimes of manslaughter in the second degree with a firearm and carrying a pistol without a permit. He was sentenced to a term of ten (10) years for the manslaughter and five (5) years for the weapons count, consecutively.
The effective sentence was fifteen years, which was the CT Page 2657 maximum for the crimes.
Both crimes occurred on July 1, 1987, when the petitioner got into a drug-related argument with another person. After leaving the scene the petitioner returned with a gun and shot the victim in the chest, causing his death.
Apparently, drug abuse and gun involvement have been a way of life for the petitioner. He reportedly had a $50.00 per day cocaine habit, and has been shot four times in separate incidents.
The sentencing court noted that the petitioner had been incarcerated before, therefore he was not naive about the consequences of criminal activity, that in arming himself with a gun the inference is that he intended to use it in some way, and while the petitioner claimed he acted in self defense that was rejected by the jury.
The Review Division finds that given the nature of the offense (the unnecessary taking of a human life), the criminal record and personal background of the petitioner, the sentence imposed was not excessive or disproportionate. It is affirmed.
PURTILL, JUDGE KLACZAK, JUDGE HENNESSEY, JUDGE
Purtill, J., Klaczak, J. and Hennessey, M., J., participated in this decision.